Shaw, C. J.
The only question raised by the exceptions is, whether the testimony offered by the defendant, as to what was understood by the parties to the lease, at the time it was written, was rightly rejected. If the object was to prove what was the understanding of the parties, as to the object and intent of cei- *399 tain stipulations in it, which is the obvious purpose for which it was offered, it is clearly inadmissible. It is equally inadmissible in a case between third persons, as between the parties to the contract. The question whether, by force of that contract, Cha-pin & Wolcott became debtors to Bartholomew for goods sc Id, was a que.- ion of law. The contract could not be explained or controlLd by the understanding of the parties, but must depend upon a just construction of its provisions.
If, as was intimated in the argument, the evidence offered was intended to bear on the testimony of Chapin, given on his cross-examination, and tending to contradict him, it was too general. It should have been pointed and limited to something previously said or done by Chapin, inconsistent with his present testimony, upon some point within the issue; whereas the inquiry was directed to the understanding of all the three par ties to the contract. But further; if the inquiry, put to the witness on cross-examination, as to his understanding of the contract, was intended to draw forth an answer bearing upon the issue, then the question itself was inadmissible, and the answer irregular, for the reason above stated, viz. that it would admit parol evidence to control the contract. If it was put to try the recollection, the accuracy, or the feelings and dispositions of the witness, then the answer was conclusive on the party cross-examining him, and no evidence was admissible to contradict the witness. See Spenceley v. De Willott, 7 East, 108. Ware v. Ware, 8 Greenl. 42. Commonwealth v. Buzzell, 16 Pick. 158.
The court are therefore of opinion that the evidence was rightly rejected.

Exceptions overruled